# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00024-CV

**Central Texas Nudists; Robert A. Morton, Jr.; and Christine A. Morton, Individually and as next friend of Robert A. Morton, III, Rebecca E. Morton, and Charles G. Morton, Minor Children, Appellants**

**v.**

**County of Travis and Lower Colorado River Authority, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. 95-11383, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING

The question presented is whether county park rules that ban children's access to a clothing-optional park violate the United States and Texas Constitutions. *See* U.S. Const. amend. I, XIV; Tex. Const. art. I, §§ 3, 8, 19, 27. Central Texas Nudists, Robert A. Morton, Jr., and Christine A. Morton, individually and as next friend of Robert A. Morton, III, Rebecca E. Morton, and Charles G. Morton, minor children (collectively, "appellants") filed suit against Travis County and the Lower Colorado River Authority, seeking a declaratory judgment and permanent injunctive relief. This appeal arises from a judgment denying appellants' motion for summary judgment and granting the motions for summary judgment of Travis County and the Lower Colorado River Authority. We affirm the district court's judgment.

## FACTS

McGregor Park[1] is a public park owned by the Lower Colorado River Authority and situated on Lake Travis in Travis County. The county has managed McGregor Park since the 1980s when it leased the park from the Lower Colorado River Authority. In 1995, Travis County promulgated two park rules for McGregor Park, which were adopted by the Commissioners Court of Travis County. Recognizing that nude sunbathing occurs in the park, the Commissioners (1) restricted access to the park to persons over the age of eighteen and (2) directed:

> Any authorization or consent to the nude display of children and the nude display of adults with children present under the age of eighteen in this park will be treated as a violation of the law and park rules. Violators and parties to such violations will be investigated and prosecuted if possible.

Because appellants are "naturists" who believe that engaging in nude social activities with their children instills values of body acceptance and other naturist values, they contend that these new rules infringe on their constitutional rights of, *inter alia*, freedom of expression and privacy, by prohibiting their children from accompanying them to the park.

After considering each party's motion for summary judgment, the district court granted the motions filed by Travis County and the Lower Colorado River Authority and denied appellants' motion.

**STANDARD OF REVIEW**

Because the propriety of a ruling on a motion for summary judgment and the constitutionality of a rule raise questions of law, we review these matters *de novo*. *Texas Med. Liab. Trust v. Zurich Ins. Co.*, 945 S.W.2d 839, 842 (Tex. App.—Austin 1997, writ denied); *Armbrister*

_____

[1] McGregor Park is also known locally as Hippie Hollow.

2

*v. Morales*, 943 S.W.2d 202, 205 (Tex. App.—Austin 1997, no writ) (citing *Barber v. Colorado Indep. Sch. Dist.*, 901 S.W.2d 447, 450 (Tex. 1995)).  The proper inquiry on appeal is whether the defendant, in seeking summary judgment, fulfilled its initial burden of establishing that no genuine issue of material fact exists and that judgment should be granted as a matter of law.  *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 675-79 (Tex. 1979).  Evidence is viewed in the light most favorable to the non-movant.  *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).  Similarly, all reasonable inferences are indulged and any doubts resolved in favor of the non-movant.  *Id.* at 549.

When each party has filed a motion for summary judgment and the district court has granted one motion while denying another, we review the summary judgment proof presented by each party, determine all questions presented, and "render such judgment as the trial court should have rendered."  *Commissioners Court v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997).  "[W]hen there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was granted, the appealing party must negate all grounds on appeal."  *State Farm Fire & Cas. Co. v. S.S. & G.W.*, 858 S.W.2d 374, 381 (Tex. 1993); *accord Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).  If the appellant fails to negate each ground on which the judgment may have been rendered, we must uphold the summary judgment.  *See Carr*, 776 S.W.2d at 569.

In this case, each party filed a motion for summary judgment and the district court granted appellees' motions.  Because the trial court did not specify the grounds on which it rendered judgment, we must affirm the judgment if any of the grounds advanced in the motions are meritorious.

**DISCUSSION**

In their first issue, appellants challenge the constitutionality of the two Travis County park rules, contending that they are facially invalid. *See* U.S. Const. amend. I, XIV; Tex. Const. art. I, §§ 3, 8, 19, 27.[2] Constitutional claims must be examined by looking at the rights of the class of people who are being excluded from a particular activity. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Here, both rules exclude individuals under eighteen years of age from entering McGregor Park.

Appellants assert that the park rules violate naturist families' right to equal protection under the United States Constitution. U.S. Const. amend. XIV. Appellants argue that by prohibiting minor children from entering the park, even when accompanied by their parents, the rules distinguish between classes of individuals on the basis of whether minor children accompany them to McGregor Park.

The Equal Protection Clause requires that all similarly situated persons be treated alike. *Id.* Courts perform an equal protection inquiry "if the challenged government action classifies or distinguishes between two or more relevant groups." *Qutb v. Strauss*, 11 F.3d 488, 492 (5th Cir.

---

[2] Appellants assert arguments based on their rights to equal protection, privacy, substantive due process, and freedom of expression and of association under the Texas Constitution. *See* Tex. Const. art. I, §§ 3, 8, 19, 27. With respect to their privacy and substantive due process arguments, appellants direct our attention to several Texas cases, which acknowledge a parent's fundamental right to direct the upbringing of a child. *See, e.g., In re Doe 5*, 19 S.W.3d 346, 376 (Tex. 2000) (Hecht, J., dissenting); *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 447 (Tex. 1998) (Gonzalez, J., concurring); *In re J.W.T.*, 872 S.W.2d 189, 194-95 (Tex. 1994); *Wiley v. Spartlan*, 543 S.W.2d 349, 352 (Tex. 1976). Our review of these opinions, however, reveals no discussion implicating the Texas Constitution. We decline to address the issues raised by appellant under the Texas Constitution because appellants' briefs have not provided argument or citations to authorities to support these arguments. *See* Tex. R. App. P. 38.1(h).

1993).  Because the rules treat two groups of individuals differently, we must subject both rules to an equal protection inquiry.

The first step of this inquiry requires us to determine what burden of justification must be satisfied by looking at the interests affected.  *Zablocki v. Redhail*, 434 U.S. 374, 383 (1978).  When a law affects individuals in a suspect classification differently or implicates a fundamental right, the law must be examined under a strict scrutiny analysis.  *Plyler v. Doe*, 457 U.S. 202, 216-17 (1982); *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 40 (1973).  Appellants do not argue that these rules treat persons in a suspect classification differently.  For the strict scrutiny test to apply here, we must conclude that these rules implicate a fundamental right.

Appellants first assert that the park rules interfere with their fundamental right to direct the upbringing of their children.  *See Pierce v. Society of Sisters*, 268 U.S. 510 (1925); *Meyer v. Nebraska*, 262 U.S. 390 (1923).  Appellants characterize the rights at issue as involving an individual's personal choice in matters of family life.  *See Griswold v. Connecticut*, 381 U.S. 479, 482-84 (1965).  Appellants further contend that a parent's right to raise a child free of state interference is within the constitutional protection of privacy secured by the Fourteenth Amendment.  *See id.* at 484.

Appellants also direct our attention to the Supreme Court's recent opinion in *Troxel v. Granville*, asserting that it supports their position.  *Troxel v. Granville*, 530 U.S. 57, 120 S. Ct. 2054 (2000).  In *Troxel*, the Court considered a state statute that permitted any person, including a grandparent, to petition for visitation rights at any time.  *Id.* at 2057.  The Court affirmed the state supreme court's holdings that "'parents have a right to limit visitation of their children with third persons'" and that "between parents and judges, 'the parents should be the ones to choose whether

to expose their children to certain people or ideas.'" *Id.* at 2059 (quoting *In re Smith*, 969 P.2d 21, 31 (Wash. 1998), *aff'd sub nom*, *Troxel v. Granville*, 530 U.S. 57, 120 S. Ct. 2054 (2000)). We read *Troxel* as affirming a parent's right to direct the upbringing of a child. *Id.* at 2059-60 ("[T]he Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning care, custody, and control of their children.").

But these parental rights are not absolute. *See, e.g., Ingraham v. Wright*, 430 U.S. 651 (1977) (no parental right to demand approval before corporal punishment is inflicted by public school teachers and administrators); *Planned Parenthood v. Danforth*, 428 U.S. 52 (1976) (no parental right to veto a minor's decision to terminate a pregnancy); *Runyon v. McCrary*, 427 U.S. 160 (1976) (no parental right to educate children in private segregated academies); *Kite v. Marshall*, 661 F.2d 1027 (5th Cir. 1981) (no parental right to send children to summer athletic camps). In *Kite v. Marshall*, the Fifth Circuit expressly acknowledged that "parental authority falls short of being constitutionally absolute." *Kite*, 661 F.2d at 1029. The court further opined that these cases exemplify circumstances in which "the Supreme Court refrained from clothing parental judgment with a constitutional mantle." *Id.*

While we agree with appellants' contentions that the Fourteenth Amendment encompasses a general right to direct the upbringing of children, we do not agree that these park rules impede that right. Neither rule prohibits appellants from raising their children according to the naturist philosophy. Rather, the rules impose a restriction on where the practice of this philosophy may occur by establishing an age restriction for admittance to McGregor Park that applies to all families, whether naturist or not. Consequently, we reject appellants' arguments based on the rights to privacy and to substantive due process. We now consider appellants' arguments that the rules

6

implicate a fundamental right under the First Amendment, namely, the rights to freedom of association and of expression.

Appellants claim that both park rules infringe upon their right to associate with their children. Appellants also assert that "the associational rights of parents and children are among those intimate relationships which are protected by the First Amendment."

We recognize that appellants have a right to enter into and maintain certain intimate human relationships. *See, e.g., Roberts v. United States Jaycees*, 468 U.S. 609, 617-18 (1984) (discussing two distinct lines of cases recognizing a right to associate, one related to certain intimate human relationships and another "for the purpose of engaging in those activities protected by the First Amendment—speech, assembly, petition for the redress of grievances, and the exercise of religion"); *Zablocki*, 434 U.S. at 383-86 (marriage); *Smith v. Organization of Foster Families*, 431 U.S. 816, 844 (1977) (the raising and education of children); *Moore v. East Cleveland*, 431 U.S. 494, 503-04 (1977) (cohabitation with one's relatives). However, we fail to see how either park rule infringes on this right. The rules do not affect the ability of the Mortons or other naturist parents to associate with their children, but regulate only where such associations may occur. These rules are analogous to the ordinance in *City of Dallas v. Stanglin* which barred minors from certain dance halls. *City of Dallas v. Stanglin*, 490 U.S. 19, 21 n.2 (1989).

Appellants further assert that the park rules violate their right to expressive association as recognized by the Supreme Court in *Roberts v. United States Jaycees*. *Roberts*, 468 U.S. at 617-18. In that case, the Court acknowledged a right to associate for the purpose of engaging in those

7

activities protected by the First Amendment. *Id.* The issue, then, is whether the First Amendment encompasses appellants' activities at McGregor Park.

Appellants argue that their conduct at McGregor Park constitutes an expressive activity and that the park rules violate their right to freedom of expression by impeding their ability to engage in this conduct as a family. Appellants characterize their nude recreational and social activities at McGregor Park as instilling values in their children in a safe public setting. On the record before us, we find that appellants' First Amendment right to expressive association does not encompass their activities at the park.

The Supreme Court has acknowledged that nudity itself is not expressive conduct and is not constitutionally protected. *Erznoznick v. City of Jacksonville*, 422 U.S. 205, 211 n.7 (1975) ("Scenes of nudity in a movie, like pictures of nude persons in a book, must be considered as a part of the whole work. In this respect, such nudity is distinguishable from the kind of public nudity traditionally subject to indecent exposure statutes." (internal citations omitted)); *Barnes v. Glen Theatre, Inc.*, 501 U.S. 560, 581 (1991) (Souter, J., concurring) ("[Nudity *per se*] is a condition, not an activity . . . .").

Appellants maintain that their naturist conduct at McGregor Park is entitled to First Amendment protection because it constitutes more than "mere nudity." At oral argument, appellants directed our attention to the Supreme Court's recent opinion in *Boy Scouts of America v. Dale. Boy Scouts of Am. v. Dale*, __ U.S. __ , 120 S. Ct. 2446, 2452 (2000). In *Dale*, the Supreme Court reviewed a decision by the New Jersey Supreme Court, which held that the state's public accommodations law required the Boy Scouts to admit Dale, an avowed homosexual, as an adult

8

member. *Id.* at 2449. The Court held that "applying New Jersey's public accommodations law in this way violates the Boy Scouts' First Amendment right of expressive association." *Id.*

Appellants sought to analogize their activities at McGregor Park to those engaged in by the Boy Scouts. While appellants and the Boy Scouts may share a common goal to instill values in children, the manner in which these values are transmitted is distinguishable. The Boy Scouts, as an organization, seeks to transfer its values to its members by "having its adult leaders spend time with the youth members, instructing and engaging them in activities like camping, archery, and fishing." *Id.* at 2452. In contrast, appellants seek to convey their values to their children by engaging in swimming, sunbathing, and other forms of recreation in the nude at McGregor Park. Of critical importance to appellants is not the activity itself, but rather, the manner in which the activity is conducted—in the nude and in public. We therefore find that this case is distinguishable from *Boy Scouts of America v. Dale*.

The protected activity that appellants claim in this case is identical to the one asserted in *South Florida Free Beaches v. City of Miami*. *South Fla. Free Beaches v. City of Miami*, 734 F.2d 608, 608 (11th Cir. 1984). In that case, the plaintiffs argued that nude sunbathing in a public area is the manner in which they advocate and communicate their philosophy that the human body is wholesome and that nudity is not indecent to others. *Id.* at 609. The Eleventh Circuit rejected that argument and held that nude sunbathing is not protected expression. *Id.* ("Stripped of constitutional protection, nude sunbathing is subject to legitimate governmental proscriptions. Thus, we hold that the [F]irst [A]mendment does not clothe these plaintiffs with a constitutional right to sunbathe in the nude."); *accord Williams v. Kleppe*, 539 F.2d 803, 806 n.9 (1st Cir. 1976) (sanctioning a ban on nude sunbathing by stating, "[N]o rights of free speech can be said to have been involved here"). Likewise,

9

in *Hang On, Inc. v. City of Arlington*, the Fifth Circuit recognized, "'[N]udity is protected as speech only when combined with some mode of expression which itself is entitled to [F]irst [A]mendment protection.'" *Hang On, Inc. v. City of Arlington*, 65 F.3d 1248, 1254 (5th Cir. 1995) (quoting *South Fla. Free Beaches*, 734 F.2d at 610).

Here, as in *South Florida Free Beaches*, appellants also seek to garner First Amendment protection for their efforts to communicate their values that the human body is wholesome and that nudity is not indecent to others. Because the facts of this case are indistinguishable from *South Florida Free Beaches*, we reach the same conclusion. For the reasons stated in *South Florida Free Beaches* and *Hang On*, we decline to hold that nude sunbathing is protected expression. Accordingly, we reject appellants' First Amendment argument based on the right to freedom of expression. In doing so, we also reject appellants' argument that the park rules impinge on their right to expressive association. Consequently, we conclude that the park rules do not implicate a fundamental right under the United States Constitution.

Having concluded that the strict scrutiny test does not apply here, we must now identify whether an intermediate scrutiny or rational basis analysis is appropriate. On its face, the government action in this case distinguishes between individuals based solely on age. Age distinctions are subject to the rational relationship test. *Gregory v. Ashcroft*, 501 U.S. 452, 470-71 (1991) (referencing *Vance v. Bradley*, 440 U.S. 93, 97 (1979); *Massachusetts Bd. of Ret. v. Murgia*, 427 U.S. 307, 314 (1976)).

An analysis under the rational relationship test is deferential to the government. *Gregory*, 501 U.S. at 470-71 ("In cases where a classification burdens neither a suspect group nor a fundamental interest, 'courts are quite reluctant to overturn governmental action on the ground that

10

it denies equal protection of the laws.'" (citation omitted)); *Kite*, 661 F.2d at 1030 ("A state action viewed under the rational basis banner is presumed to be valid."). The government must prove only that the laws bear "some rational relationship to a legitimate state purpose." *Rodriguez*, 411 U.S. at 44; *accord Gregory*, 501 U.S. at 471. In examining a city ordinance imposing an age restriction on admission to certain dance halls, the Supreme Court stated,

> [A] State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.'

*Stanglin*, 490 U.S. at 26-27 (quoting *Dandridge v. Williams*, 397 U.S. 471, 485 (1970)) (citations omitted). We must now determine whether the park rules are justified by a legitimate state purpose.

Appellants concede in their brief that they do not challenge Travis County's "right to regulate the activities of minors and ban unaccompanied minors from [McGregor Park]."[3] Consistent with their argument that the rules are subject to strict scrutiny, appellants charge instead that "the rules are not narrowly crafted to the least restrictive manner." Appellants claim that the curfew ordinance in *Qutb* was upheld because the law established defenses for infractions of the ordinance, including one that exempted minors accompanied by a parent or guardian. Unlike this case, however,

---

[3] Courts have recognized that laws may treat minors differently from adults. *Bellotti v. Baird*, 443 U.S. 622, 634 (1979); *Qutb v. Strauss*, 11 F.3d 488, 492 (5th Cir. 1993); *Barber v. Colorado Indep. Sch. Dist.*, 901 S.W.2d 447, 451 (Tex. 1995). Furthermore, the Supreme Court has acknowledged that states have a "strong and legitimate interest in the welfare of its young citizens, whose immaturity, inexperience, and lack of judgment may sometimes impair their ability to exercise their rights wisely." *Hodgson v. Minnesota*, 497 U.S. 417, 444 (1990). In addition, the Court has recognized that a "[s]tate is entitled to adjust its legal system to account for children's vulnerability and their needs for 'concern, . . . sympathy, and . . . paternal attention.'" *Bellotti*, 443 U.S. at 635 (quoting *McKeiver v. Pennsylvania*, 403 U.S. 528, 550 (1970)).

11

the court in *Qutb* applied a strict scrutiny analysis to the curfew ordinance after it "assume[d] without deciding that the right to move about freely is a fundamental right." *Qutb*, 11 F.3d at 492. We have already concluded that the park rules at issue are not subject to a strict scrutiny analysis; therefore, the government need not satisfy this requirement here.[4] With no dispute that a legitimate state interest exists for an age restriction, we conclude that the rules do not violate the Equal Protection Clause. Accordingly, we overrule appellants' first issue.

### *Exclusion of Summary Judgment Evidence*

In their second issue on appeal, appellants maintain that the district court erred when it excluded two items of evidence submitted in support of their motion, namely, a videotape entitled "Natural Summer" and incident reports from Pease Park compiled by the Austin Police Department ("APD"). Appellants assert that this evidence rebutted Travis County's contentions that McGregor Park incident reports demonstrated an increased risk of sexual offenses against children and that these rules were enacted to achieve legitimate state interests—to protect minors from exposure to sexual offenses and victimization. The county objected to the APD reports because they detailed incidents occurring at Pease Park, a city park, rather than a county park like McGregor Park. Because the videotape related to parks other than McGregor Park and nudist practices not at issue here, Travis County also objected to it on the grounds of relevance. The district court agreed with Travis County and excluded the APD reports and the videotape as not relevant.

We apply an abuse of discretion standard to the question of whether a district court erred in excluding evidence. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995).

---

[4] The government need only show that a law is narrowly tailored to serve a compelling state interest under a strict scrutiny analysis. *Plyler v. Doe*, 457 U.S. 202, 216-17 (1982).

A district court may be reversed under this standard only when a reviewing court finds that "the court acted in an unreasonable or arbitrary manner." *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). "A [district] . . . court abuses its discretion when it rules 'without regard for any guiding rules or principles.'" *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998) (quoting *Alvarado*, 897 S.W.2d at 754).

When seeking to reverse a judgment based on an improper evidentiary ruling, a complaining party "need not prove that but for the error a different judgment would necessarily have been rendered, but only that the error probably resulted in an improper judgment." *Alvarado*, 897 S.W.2d at 753; *accord Malone*, 972 S.W.2d at 43. To prevail, the party must demonstrate that "the judgment turns on the particular evidence excluded or admitted." *Alvarado*, 897 S.W.2d at 753-54. We review the entire record to determine whether a party has met this burden. *Id.* at 754. If any legitimate basis exists to support a district court's evidentiary ruling, then we must uphold the court's decision. *Malone*, 972 S.W.2d at 43; *State Bar v. Evans*, 774 S.W.2d 656, 658 n.5 (Tex. 1989) (citing *McCormick on Evidence* § 52, at 131 (3d ed. 1984)).

Rule 402 of the Texas Rules of Evidence states, "All relevant evidence is admissible, except as otherwise provided by Constitution, by statute, by these rules, or by other rules prescribed pursuant to statutory authority." Tex. R. Evid. 402. The rules define relevant evidence as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex. R. Evid. 401. In other words, evidence is relevant if it tends to prove or disprove any fact of consequence, thereby assisting the trier of fact. We have recognized that relevancy determinations should be left primarily

to the trial court, which relies on its own observations and experience. *Corley v. State*, 987 S.W.2d 615, 618 (Tex. App.—Austin 1999, no pet.) (citing *Moreno v. State*, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993)).

Appellants maintain that the videotape was offered "to demonstrate the wholesome-non-obscene-nature of social-familial nudity that is referenced in the Mortons' affidavits" and "the extent in which the naturist movement has made an enclave into the American culture." Because these purposes are not at issue in this case, the district court could have reasonably concluded that the videotape did not involve facts of consequence and, as a result, was not relevant.

Appellants also contend that the Pease Park incident reports were offered to rebut the incident reports offered by Travis County "to establish that there were more reported sexual offenses at . . . [McGregor Park], than other County parks." Given Pease Park's status as a city park, the district court could have reasonably concluded that these reports were not relevant because they have no bearing on how the rate of reported sexual offenses at McGregor Park compares to other Travis County parks. We conclude that a legitimate basis exists to support the district court's evidentiary rulings on both exhibits of summary judgment evidence and overrule appellants' second issue.

**CONCLUSION**

Because we conclude that both Travis County park rules are constitutional and that the district court did not abuse its discretion in excluding summary judgment evidence, we affirm the district court judgment.

_____

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed:   December 7, 2000

Do Not Publish